**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v.                                                          CRIMINAL ACTION NO.   3:21-00101

OMARR DARON BOONE

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Omarr Boone's Motion to Dismiss the Indictment for Fatal Defect (ECF No. 31). The United States subsequently filed a Response in Opposition, and on August 2, 2021, the parties presented their arguments during a pretrial motions hearing. The dispute is now ripe for review. For the following reasons, the Court **DENIES** Boone's motion.

Boone argues that the Indictment fails to track the statutory language of the charged offense. In *United States v. Hooker*, 841 F.2d 1225 (4th Cir. 1988), the Fourth Circuit recited the two requirements by which a court must assess the sufficiency of an indictment under the Fifth and Sixth Amendments of the United States Constitution: (1) "whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet," and, (2) "'in the case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'" *Hooker*, 841 F.2d at 1227 (quoting *Russell v. United States*, 369 U.S. 749, 763-64 (1962)) (internal quotation marks omitted).

Here, Boone is charged with violating 18 U.S.C. § 922 (g)(1), which requires the Government to prove:

> (i) that [he] was a convicted felon at the time of the offense; (ii) that he voluntarily and intentionally possessed a firearm; and (iii) that the firearm traveled in interstate commerce at some point.

*See United States v. Adams*, 814 F.3d 178 (4th Cir. 2016) (quoting *United States v. Gallimore*, 247

F.3d 134, 136 (4th Cir.2001)) (quotation marks and citation omitted). The Indictment at issue

tracks these requirements. It alleges the following:

1. On or about March 9, 2021, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, defendant OMARR DARON BOONE knowing possessed a firearm, that is, a Smith & Wesson SD9 VE handgun, in and affecting interstate commerce . . . .

2. At the time defendant OMARR DARON BOONE possessed the aforesaid firearm, he knew he had been convicted of the following crimes each of which was punishable by imprisonment for a term exceeding one year, that is:

   a. Convicted on or about January 26, 2016, in the Third Judicial Circuit Court of Michigan of the felony offense of Weapons-Carrying Concealed, in violation of Michigan Penal Code Section 750.227, Case Number 15-005357-01-FH;

   b. Convicted on or about December 16, 2010, [i]n The Court of Common Pleas Portage County, Ohio of the felony offense of Trafficking in Cocaine, in violation of Ohio Revised Code 2925.03, Case Number 2010-CR-951.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Boone asserts that the omission of the term "unlawfully" is a fatal defect and points to

*United States v. Morrison*, 536 F.2d 286 (9th Cir. 1976) for support. However, the defect at issue

in *Morrison* was the failure to allege an applicable mens rea for the charge. In contrast, the

Indictment here clearly alleges that Boone knowingly possessed a firearm. The other elements

have also been properly alleged. To the extent that the Government must allege in an indictment

that the offense conduct was unlawful, the Government has met that requirement here by alleging

that Defendant's conduct violated 18 U.S.C. §§ 922 (g)(1) and 924(a)(2). Accordingly, the Court

**DENIES** Boone's motion (ECF No. 31).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant,

the Unites States Attorney's Office, the United States Probation Office, and the United States

-3-

Marshals Service.

ENTER:        August 2, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE